IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NANCY MURRAY )
)
     Plaintiff, )
) No. 04 C 7668
   v. )
) HONORABLE DAVID H. COAR
SUNRISE CHEVROLET, INC. and TRIAD )
FINANCIAL CORPORATION, doing )
business as ROADLOANS, )
)
     Defendants. )

**MEMORANDUM OPINION AND ORDER**

Nancy Murray has sued Sunrise Chevrolet, Inc. and Triad Financial Corporation on behalf of a putative class of consumers for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Before this Court are Defendants motions to dismiss.

**I.**     **FACTS**

The facts alleged in the complaint, and taken as true for the purposes of this motion, are as follows. *See Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). In June or July 2004, Triad Financial and Sunrise Chevrolet mailed a promotional flyer to Nancy Murray, notifying her the she had been pre-approved for an auto loan of up to $19,500. This "Pre-Approved Notice" stated that the pre-approval was valid on the purchase of a new or used vehicle at Sunrise Chevrolet, Murray's "authorized dealer." *See* Am. Compl. ¶ 9, Ex. A (Defendant's Promotional Mailing).[1] The flyer informed Murray that in order to take advantage

---

[1] Because Plaintiff attached the "Pre-Approved Notice" as an exhibit to her amended complaint, it is considered part of her pleadings. FED. R. CIV. P. 10(c).

of the offer, she had to appear in person at Sunrise Chevrolet, her "authorized dealer," no later than July 24, 2004, bringing a recent pay stub, utility bill in her name, a residential telephone bill, and a trade-in vehicle. *Id.* Typewritten in much smaller print at the bottom of the "Pre-Approved Notice," appeared the following text:

> "You have been pre-approved for an auto loan by RoadLoans™. This offer is available for 30 days from the date of this letter, and is conditioned upon obtaining a first lien security interest in your vehicle. You received this offer based on information in your credit report and upon your satisfying certain predetermined credit criteria used to select individuals for this offer. This offer is conditioned upon verification that you continue to meet the specific criteria used to select you for this offer. Credit may be refused if you no longer meet those criteria or other applicable criteria bearing on creditworthiness or if your vehicle does not meet collateral guidelines. ... Specific credit terms such as APR, length of contract, payment amount, and amount of credit, are subject to RoadLoans™ finance program parameters. You have the right to prohibit the use of information in your file maintained by the consumer reporting agencies from being used in transactions not initiated by you...." *Id.*

The small print section provided a toll-free telephone number and a mailing address to opt-out of future similar mailings.

Murray alleges that Triad Financial (doing business as RoadLoans™) and Sunrise Chevrolet accessed her credit report without her permission and without a "permissible purpose" as required by the Fair Credit Reporting Act, 15 U.S.C. § 1681b. She alleges that the purported offer contained in the flyer is value and totally lacking in terms; thus, it has "no value beyond a solicitation for loan business." Am. Compl. ¶ 19a. She further contends that Triad and Sunrise failed to make certain mandatory disclosure along with their purported offer in the "clear and conspicuous" manner required under the FCRA. *Id.* ¶ 19b-c. Triad and Sunrise have both moved to dismiss the complaint.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When considering a motion to dismiss, a court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should be dismissed only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If a complaint conforms to the requirements of the Federal Rules of Civil Procedure, it cannot be dismissed "on the ground that it is conclusory or fails to allege facts." *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

## III. ANALYSIS

In their motions to dismiss, Triad and Sunrise both assert that Plaintiff fails to state a claim. Triad contends that the flyer does represent a firm offer of credit and does comply with the clear and conspicuous disclosure requirements of the FCRA. Sunrise argues that by attaching the flyer fails to establish that Sunrise ever accessed Murray's consumer report and therefore, it is not regulated by the FCRA.

### A. FCRA and "Firm Offer of Credit"

Under the FCRA, it is permissible to obtain a consumer's credit report only with the written consent of the consumer or for certain "permissible purposes." *See* 15 U.S.C. § 1681b(f). One of the designated "permissible purposes" is to make a "firm offer of credit" to the consumer. 15 U.S.C. § 1681b(c)(1)(B)(i). The statute defines a "firm offer of credit" as "any offer of credit

... to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer.: 15 U.S.C. § 1681a(1). The FCRA permits the offer of credit to be conditioned on the consumer's ability to meet "specific criteria bearing on credit worthiness or insurability." 15 U.S.C. § 1681(*l*)(1).

Triad argues that *Cole* is inapplicable because the Triad/Sunrise flyer in no way suggested that Triad would not guarantee or honor its offer of credit so long as Plaintiff met the requirements permitted under § 1681a(1). Instead, Triad contends that a firm offer is "any offer ... that will be honored." *Sampson v. W. Sierra Acceptance Corp.*, No. 03 C 1396, 2003 WL 21785912 (N.D. Ill. Aug. 1, 2003), *amended by Sampson v. Ridge Chrysler/Plymouth Corp.*, 2005 WL 78958 (N.D. Ill. Jan. 13, 2005). Triad's reasoning, however, attempts to narrow the holding of *Cole* to meaninglessness. The Seventh Circuit clearly stated in *Cole* that "[t]o determine whether the offer of credit comports with the statutory definition, a court must consider the *entire* offer and the effect of *all* the material conditions that comprise the credit product in question. If, after examining the entire context, the court determines that the "offer" was a guise for solicitation rather than a legitimate credit product, the communication cannot be considered a firm offer of credit." *Cole v. U.S. Capital*, 389 F.3d 719, 728 (7th Cir. 2004). To make this assessment, courts must evaluate the amount of credit to be extended, including the terms of an offer. The offer's terms include the rate of interest charged, the method of computing interest, the length of the repayment period, and any other limitations of the offer. *Id.* at 728. Missing terms may render it impossible for a court to determine whether an offer has value. *Id.* In the present case, Triad's "Pre-Approved Notice" stated that Murray had been "pre-approved

for an auto loan up to $19,500." The next paragraph of the "Notice" noted "[t]he amount of the loan may vary. For security reasons, the pre-approved amount is not listed." Finally, at the very bottom of the "Notice," in type that appears to be half the size of the body text and a different, narrower font altogether, the following disclaimer appears: "Specific credit terms such as APR, length of contract, payment amount, and amount of credit, are subject to RoadLoans™ finance program parameters.... Just visit www.roadloans.com and complete the application form." Without these terms, this Court cannot determine whether this offer has value. Plaintiff's complaint states facts that reasonably would support a determination that the "Notice" had no value and was not a firm offer of credit.

Even assuming, as Triad urges, that because Murray received the flyer in June or July 2004, before *Cole* was decided, the flyer still fails as a firm offer. Contrary to Triad's assertions, the question of what is a "firm offer" was not settled law in the Seventh Circuit prior to the *Cole* decision.[2] Judge Kennelly considered a very similar fact pattern in *Tucker v. Olympia Dodge of Countryside, Inc.*, No. 03 C 0976, 2003 WL 21230604 (N.D. Ill. May 28, 2003), addressing a promotional flyer stating that plaintiffs had been pre-approved for an auto loan of up to $19,500. In *Tucker*, the fine print on the promotional flyer stated that the plaintiffs were pre-approved for a minimum auto loan amount of $1,000, but might qualify for more. *Id*. at *1. The court found that the $1,000 minimum loan amount qualified the promotional flyer as a firm offer. In the present case, however, the promotional flyer contains no information about a minimum loan

---

[2] In fact, the two cases Triad cites for this proposition provide only limited support. One addresses the requirement that certain disclosures be conspicuous under the Truth in Lending Act. *Rivera v. Grossinger Autoplex, Inc.*, 274 F.3d 1118 (7th Cir. 2001). The other discusses the "clear and conspicuous" disclosure requirement under the FCRA, but is from the Fifth Circuit. *Stevenson v. TRW Inc.*, 987 F.2d 288 (5th Cir. 1993).

amount; in fact, a reasonable inference is that the recipient might be denied a loan altogether. Thus, under the current law and the law at the time Triad and Sunrise mailed the flyer to Murray, it fails to meet the requirements for a firm offer under the FCRA.

B. FCRA and "Clear and Conspicuous" Disclaimer Requirement

The FCRA provides that any person who uses a consumer report to make a firm offer of credit "shall provide with each written solicitation made to the consumer regarding the transaction a clear and conspicuous statement" disclosing certain statutorily required information. 15 U.S.C. § 1681m(d). Specifically, the notice must disclose to the consumer that: (1) consumer credit reports were used to determine who should receive the credit offer; (2) the consumer was selected because she satisfied certain criteria; (3) if the consumer does not continue to meet the criteria for a finding of creditworthiness or fails to provide the required collateral, then the offer may not be extended; (4) the consumer may opt out of future credit offers by prohibiting the unsolicited use of information contained in her credit file; and (5) the consumer may exercise that right by calling a given toll-free number or by contacting the credit agency at a stated address. *See* 15 U.S.C. 1681m(d). The FCRA does not define the term "clear and conspicuous." The Seventh Circuit, however, has noted that the term is a staple of commercial law and has defined it by reference to case law interpreting the Uniform Commercial Code ("UCC") and the Truth in Lending Act ("TILA"). *Cole v. U.S. Capital*, 389 F.3d 719, 729 (7th Cir. 2004) (citing *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 382 (7th Cir. 1996) and *Stevenson v. TRW Inc.*, 987 F.2d 288, 295 (5th Cir. 1993)); *see also Tucker v. New Rogers Pontiac, Inc.*, No. 03 C 0976, 2003 WL 22078297, at *4 (N.D. Ill. Sept. 9, 2003); *Sampson v. W. Sierra Acceptance Corp.*, No. 03 C 1396, 2003 WL 21785612, at *3-4 (N.D. Ill. Aug. 1, 2003).

According to the Seventh Circuit, no one aspect of a notice necessarily renders it "clear and conspicuous" for the purposes of the FCRA; a court must consider the notice in context and as a whole. "In short, there must be something about the way that the notice is presented in the document such that the consumer's attention will be drawn to it." *Cole*, 389 F.3d at 731. Plaintiff does not argue that Defendants failed to include the required statements but rather that they are not clear and conspicuous.

In this case, as in *Cole*, the notice appears in a single paragraph at the bottom of the flyer, in nine lines of text that take up little more than one inch of space.[3] The text is printed in the smallest type on the page, in a different font than the body of the flyer.[4] Defendant Triad contends that the notice is printed in bold face type, but the smallness of the type size renders it nearly impossible to determine whether that is the case. In addition, any font emphasis is diminished by the difference between the font in the body of the flyer and that in the notice. The font is so small that this Court finds it virtually impossible to distinguish any alleged bolding. By contrast, the remainder of the flyer is printed in larger, readable type, and uses all caps, bolding, underlining, and contrasting graphical elements to draw the reader's attention to other information. This Court determines that the notice fails any reasonable test of conspicuousness. The type in the notice is so small as to be almost unreadable and the alleged boldface is

---

[3] This Court relies on the full-scale, color version of the Notice provided by Defendant Triad in its description, rather than the reduced-scale version submitted with Plaintiff's complaint.

[4] In fact, the body of the flyer is printed in serif font such as Times New Roman or Palatino, whereas the notice is printed in sans serif narrow font, such as Arial Narrow.

indistinguishable in the replicas presented to this Court. Unlike the remainder of the flyer, it is reasonable to find that the notice was designed to discourage the reader's attention.

    C.    <u>FCRA and Willful Noncompliance</u>

Defendant Triad argues that Plaintiff fails to demonstrate that it willfully failed to comply with any requirement of the FCRA. 15 U.S.C. § 1681n(a). Plaintiff correctly notes that this argument is inappropriate for the dismissal stage of the proceedings. All Plaintiff needs to show at this stage of the litigation is that she has stated a legal claim for which relief can be granted. "Such a claim may fail on the facts, but assessing factual support is not the office of Rule 12(b)(6)." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). Plaintiff's complaint alleges that Defendants sent her an unsolicited "Pre-Approved Notice" flyer. This flyer states that "[i]nformation contained in [recipient's] credit bureau report, obtained from a consumer reporting agency, was used in conjunction [*sic*] with selecting [recipient] for this offer." Plaintiff further alleges that she had no authorized anyone to access her consumer report. Finally, she alleges that the flyer does not constitute a firm offer of credit under the FCRA and that it fails to provide the required terms of the credit offer in a clear and conspicuous manner as required by statute. Am. Compl. ¶¶ 10-12, 15-19. This Court finds that this is not a situation in which Plaintiff can prove no set of facts that would entitle her to relief. Thus, Triad's argument is inappropriate and this Court denies Triad's motion to dismiss on this ground.

    D.    <u>FCRA Liability</u>

Defendant Sunrise also argues that the FCRA does not impose liability on entities that do not meet the FCRA's definition of a consumer reporting agency. Indeed, Sunrise contends that they merely accessed the Plaintiff's credit report, for which liability cannot attach. *See Castro v.*

*Union Nissan, Inc.*, No. 01 C 4996, 2002 WL 1466810, *3 (N.D. Ill. July 8, 2002). In *Castro*, Judge Kennelly declined to hold the defendant car dealership liable for multiple credit report requests that occurred after plaintiffs had notified the dealer they no longer wished to pursue the sale. Stating that the language of the statute is directed only at those who "use or obtain a consumer report," 15 U.S.C. § 1681b(f), Judge Kennelly "decline[d] to interpret the statute so as to hold [defendant] Union Nissan liable for the actions of the third party lenders." *Id.* at *3. This Court notes, however, that *Castro* dealt with a motion for summary judgment, where the court must address the merits of the case. The instant case, however, deals with a motion to dismiss, which tests the sufficiency of the complaint and does not go to the merits. After reviewing the pleadings, this Court finds that it does not appear beyond a doubt that Murray can prove a set of facts that would entitle her to relief against Sunrise under the FCRA. Thus, Sunrise's motion to dismiss is denied.

**Conclusion**

For the foregoing reasons, this Court denies Defendants' motions to dismiss.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **September 15, 2005**